UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPTIMUM POWER SOLUTIONS LLC, a Texas Limited Liability Company,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>APPLE, INC., a California corporation, Dell Inc., a Delaware Corporation, Hewlett-Packard Company, a California Corporation, LENOVO (UNITED STATES) INC., a Delaware corporation, and SONY ELECTRONICS, INC., a Delaware corporation,<br><br>　　　　　　　　Defendant. | Case No.: 3:11-cv-01509 SI<br><br>**STIPULATED ESI DISCOVERY ORDER**<br><br>Date:　　July 8, 2011<br>Time:　　2:30 p.m.<br>Place:　　Courtroom 10, 19th Floor<br>Judge:　　Honorable Susan Illston |

### **STIPULATED ESI DISCOVERY ORDER**

　　After considering the parties' Joint Motion for Entry of a Stipulated ESI Discovery Order, the Court enters the following Stipulated ESI Discovery Order:

　　1.　　The parties have discussed the preservation and electronic production of electronically-stored and hard copy information. The parties have agreed that, when possible, electronically-stored documents in English that are text-searchable in their native form will be produced as .tiff images or searchable .pdf images with appropriate bates numbers and confidentiality designations and, in the case of .tiff images, with load files that denote document breaks and contain extracted text that is searchable (i.e., production in native format will not be

required, although the parties may later agree to produce certain information in Excel or other native format to facilitate use by each side). To this end, documents produced by Defendants to Plaintiff will be accompanied by a Summation load file and documents produced by Plaintiff to Defendants will be accompanied by Summation and Concordance load files. No party will be obligated to render a document that is not searchable in its native format to searchable form for the purposes of producing the document. Any use of optical character recognition to generate .pdf format files from native format files containing text shall not be required. As to documents written primarily in languages other than English, there is no obligation for any party to produce such documents with extracted text that is searchable. However, in producing documents written primarily or entirely in languages other than English, the parties agree that the producing party will produce all English translations of such documents that were prepared by or on behalf of the producing party before the filing of this litigation. Further, a party will produce all certified English translations created during this litigation of documents written primarily or entirely in languages other than English that the party intends to rely upon at trial or in motion practice. All certified translations intended to be relied upon at trial must be produced to opposing counsel at least 60 days before trial and any certified translations relied upon in motion practice must be served with the brief that relies upon the translation. The parties further agree to produce the translations described above as required under Rule 26(e) of the Federal Rules of Civil Procedure and the Court's Discovery Order.

2.  The parties have further agreed to limit the search and production of electronic mail and electronic mail documentation (collectively "email") until after (i) reviewing the contents of the producing party's alternative document production and (ii) conducting a 30(b)(6) deposition regarding such documents and corporate structure. Thereafter, the parties agree to confer in good faith regarding the specific categories of email and custodians that are appropriate to produce, including reasonable limits on the burden such request imposes on the producing party.

3.  The parties agree that the circumstances of this case do not warrant the preservation, review, or production of ESI that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably

accessible sources (this agreement does not apply to any third-party discovery). Moreover, that remote possibility is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from these sources. The parties agree that the following ESI is not reasonably accessible and need not be preserved or searched:

    a. Materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes, as well as archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's business operations;

    b. Voicemail and other audio;

    c. Video;

    d. Instant messaging;

    e. Legacy data;

    f. Residual, fragmented, damaged, permanently deleted, and/or unallocated data; and

    g. Handheld PDA-type devices.

4. The parties agree to the production of final, rather than draft, marketing, licensing, and/or financial materials. The parties also agree to the initial production of summary financial materials in lieu of all invoices, receipts, purchase orders, etc. Further, draft expert reports, draft declarations, draft affidavits, notes and communications with experts will not be subject to discovery. However, all other materials that an expert reviewed, considered or relied upon in connection with his or her final expert report shall be discoverable. Discovery of material provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions,

or other materials informing his or her final report, trial or deposition testimony, or any opinion in this case, which discovery shall be strictly limited to the subjects of such information, opinions or other materials. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in forming opinions that are presented in reports or trial or deposition testimony in this case. Material, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation. Nothing in this paragraph shall limit the taking of fact discovery from a percipient fact witness throughout the discovery process, regardless of whether that witness is retained by a party as a consultant or expert.

5. The parties have also agreed that if responsive documents are located on a centralized server or network, the producing party shall not be required to search for additional copies of such responsive documents that may be located on the personal computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary. The parties will meet and confer to discuss the parameters of the search and production of any such documents. The parties have also agreed that if responsive documents are located on a centralized server, network, or an individual employee's computer, the producing party shall not be required to search for additional copies of such responsive documents that may be located on any (other) individual employee's computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary. The parties have further agreed that Paragraph 5 shall not remove the parties' obligations to search, when appropriate, non-centralized servers, networks, or other repositories for unique, responsive documents that, for example, may be located on the personal computer, or otherwise in the possession, of individual employees. The parties further agree in this regard, however, that neither party need deviate from the practices it normally exercises with regard to such "additional copies" (e.g., recycling of back-up tapes conducted in the ordinary course of a party's business operations is permitted).

6. The parties agree that any party's production(s) served prior to the effective date of this Agreement will comply with the provisions described herein.

7. Any agreement in this protocol that delays or foregoes production of any information or permits a party to object to production of any information on any basis (e.g., because such production is unduly burdensome) is not intended to and does not change the burdens of production and/or proof associated with showing the need for and/or objecting to discovery of any kind addressed in this protocol in the context of a motion to compel under Fed. R. Civ. P. 37.

8. Except as provided in Paragraph 3, the parties shall take reasonable, good faith efforts to preserve non-duplicative, relevant information.

9. Any general agreement in this protocol to produce email or other documents is not intended to and does not waive any immunity from production that may apply in any specific circumstance, including but not limited to the attorney-client privilege and work product doctrines. If information is produced in the course of discovery that is subject to a claim of attorney-client privilege, such information must be promptly returned in accordance with the provisions of Paragraph 30 of the Protective Order in force in this action.

10. The parties further agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and the Local Rules for the Federal District Court of the Northern District of California ("Local Rules"), and that electronic service shall be required unless there is a prior agreement to the contrary. Such service shall be completed upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that such service by electronic means shall be delivered to the following email addresses:

    a. For Dell: Dell-Optimum@alston.com

    b. For Hewlett Packard: Paul.Alexander@aporter.com; Eric.Trostad@aporter.com

    c. For Sony: Sony-Optimum@kenyon.com

    d. For Lenovo: mblake@sheppardmullin.com; rhill@sheppardmullin.com; tcontreras@smrh.com

e.  For Apple: clayton.james@hoganlovells.com; celine.crowson@hoganlovells.com; joseph.raffetto@hoganlovells.com

f.  For Optimum Power: optimumpower@mmmlaw.com; jw@jwfirm.com; wh@jwfirm.com.

So ORDERED and SIGNED this _____ day of _____, 2011.

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE