IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMUM POWER SOLUTIONS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC., DELL INC., HEWLETT-PACKARD COMPANY, LENOVO (UNITED STATES) INC., and SONY ELECTRONICS, INC.,<br><br>    Defendants.<br>                                   / | No. C 11-1509 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTION TO DISMISS ALL BUT ONE DEFENDANT** |

    Plaintiff has filed a motion for leave to file a first amended complaint. Defendants have filed a motion to dismiss the complaint. The motions are scheduled for a hearing on September 22, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds that these matters are appropriate for resolution without oral argument, and hereby VACATES the hearing. For the following reasons, the Court hereby DENIES plaintiff's motion and GRANTS defendants' motion.

**BACKGROUND**

    On February 24, 2010, plaintiff Optimum Power Solutions LLC filed this lawsuit against five defendants alleging infringement of U.S. Patent Number 5,781,784, entitled "Dynamic Power Management of Solid-State Memories" (the "'784 Patent"). Compl. ¶ 1. The complaint alleges that plaintiff is the owner by assignment of all rights, title and interest in the '784 Patent. *Id*. ¶ 11. According to the complaint, "the '784 Patent discloses a power management device and related logic control circuitry that supplies variable voltage to solid-state memory devices. The device provides

sufficient power to maintain memory information during periods of no activity or standby periods, and an increased level of power during periods of data access activity or memory access periods, thereby reducing substantially the power consumption of solid-state memory devices." *Id.* ¶ 12. Plaintiff alleges that each of the five defendants sells computers and/or computer systems that infringe the '784 patent. *Id.* ¶¶ 14-43. For example, plaintiff alleges that defendant Apple's Apple MacBook Pro with an Intel Core 2 Duo CPU (P8600) 2.4Ghz with a 3 MB L2 cache infringes the '784 patent, as does defendant Dell's Dell Studio1555 Notebook with an Intel Centrino 2 Duo CPU (P8600) 2.4GHz with a 3 MB L2 cache. *Id.* ¶¶ 14, 17.

Plaintiff's proposed first amended complaint seeks to join five additional defendants on the ground that these new defendants' products also allegedly infringe the '784 Patent. On August 12, 1011, the five defendants named in the plaintiff's original complaint moved to dismiss the complaint as to all but one defendant, on the theory that defendants are misjoined. Now before the Court are plaintiff's motion to amend and defendants' motion to dismiss, which concern the same issue: whether the defendants' acts of infringement of the same patent, albeit in an allegedly similar manner, are sufficient to permit plaintiff to pursue its claims against all ten defendants in a single suit.

## LEGAL STANDARDS

### I.     Motion to amend

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). There are several reasons to deny leave to amend, including, *inter alia*, the futility of amendment. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Thus while courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "Amendments seeking to add

claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

## II.     Motion to dismiss

Federal Rule of Civil Procedure 20(a) provides that joinder of defendants is appropriate where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action." Fed. Rule Civ. Proc. 20(a)(2). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Where misjoinder is apparent, a court is within its discretion to either dismiss or sever the claims against the misjoined parties. Fed. R. Civ. P. 21; *Coughlin*, 130 F.3d at 1350.

**DISCUSSION**

Plaintiff contends that joinder of the five defendants in the original complaint, or ten defendants in the proposed FAC, is proper "given the identity of accused instrumentalities at issue." Opp'n at 3:3. Specifically, plaintiff asserts that each of the accused instrumentalities is comprised of, among other things, a processor and its associated cache memory, a PWM rate controller, and portions of the BIOS software. Plaintiff has grouped defendants' products into "uniform, homogenous groupings" based upon the processor family utilized in the accused instrumentalities, and plaintiff asserts each of the processors in the same group performs its portion of the power management accused of infringement in exactly the same fashion. Thus, plaintiff asserts, there are multiple common legal and factual questions presented by plaintiff's infringement claims against defendants.

Defendants contend that the separate sale of separate products by separate defendants is insufficient to support joining multiple defendants in the same action, regardless of the similarity of their products, the similarity of the components that make up their products, or the alleged similarity in the manner in which these component combinations violate the '784 Patent. Defendants argue that merely arranging claims into "groupings" does not meet the requirements for joinder because there are no

allegations that defendants acted in concert or that their separate sales of computers somehow constitute common transactions or occurrences. Defendants also note that all of the defendants are competitors, each of whom sells its own, separate computer products in direct competition with each other. Defendants assert that joinder of multiple defendants in this case would prove complex and unmanageable; for example, they note that plaintiff alleges that 110 of the products manufactured by one defendant alone infringe its patent.

Courts have found that merely alleging a violation of the same patent or copyright is insufficient to permit a plaintiff to pursue claims against multiple defendants in a single suit. *See WiAV Networks LLC v. 3Com Corp.*, No. C 10-3488 WHA, 2010 WL 3895047, at \*3 (N.D. Cal. Oct. 1, 2010) (severing claims brought against twelve defendants who all manufactured laptops that allegedly infringed the same patent). In *WiAV Networks LLC*, the court found that "joinder is improper where multiple competing businesses have allegedly infringed the same product by selling different products." 2010 WL 3895047, at \*3 (citing *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 2010 WL 3516106, at \*2 (N.D. Ill. Sept. 1, 2010) (severing claims brought against competing defendants alleged to have infringed the same patent by selling different products); *Philips Elecs. N.Am. Corp. v. Conent Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) (severing claims brought against multiple defendants where the only connection between them was that they may have infringed the same patent); and *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (severing claims brought against separate companies selling different products allegedly in violation of the same patent)). Underlying the decision of the court in *WiAV Networks* was the right of the defendants to present "individualized assaults on question of non-infringement, invalidity and claim construction" and the fact that infringement issues, damages issues, wilfulness issues, time frames and accused conduct, and discovery issues would likely vary from company to company. 2010 WL 3895047, at \*3.

Plaintiff asserts that this case is similar to *Privasys, Inc. v. Visa International, et al.*, No. C 07-03257 SI, 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007), where this Court granted the plaintiff leave to amend to add certain defendants alleged to have infringed the same patent. However, in *Privasys* all of the defendants were alleged to be acting in concert pursuant to a written agreement, and plaintiff alleged that one of the defendants exercised direction or control over the other defendants. *See Privasys*,

4

1  \*1-2. Thus, the Rule 20(a) "same transaction, occurrence or series of transactions or occurrences"
2  standard was met.

3  The Court agrees with defendants that plaintiff's allegations against the various defendants are
4  insufficient to meet the standard required for joinder under Federal Rule of Civil Procedure 20(a).
5  Although plaintiff accuses defendants of infringing the '784 Patent in five similar ways, plaintiff does
6  not allege that defendants' infringement involved the "same transaction, occurrence or series of
7  transactions or occurrences." Fed. R. Civ. Proc. 20(a)(2). Plaintiff has not alleged that defendants acted
8  in concert or otherwise controlled or directed each others' conduct – and indeed defendants appear to
9  be ardent competitors of one another in the marketplace for their products; nor has plaintiff alleged any
10 connection between defendants except for the fact that each defendant is alleged to have infringed
11 plaintiff's patent. Although plaintiff asserts that the infringement analysis will not vary from defendant
12 to defendant, Rule (20)(a) requires both a "question of law or fact common to all defendants" *and* "the
13 same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. Proc. 20(a)(2).
14 Plaintiff has not, and cannot, made anus such claim.

## CONCLUSION

17 Accordingly, the Court concludes that defendants are misjoined, and GRANTS defendants'
18 motion to dismiss plaintiff's claims against all but one defendant. The Court finds that it would be futile
19 to grant plaintiff leave to amend to file the proposed FAC as the new defendants would be dismissed
20 for improper joinder, and accordingly DENIES plaintiff's motion to amend to add additional defendants.
21 The Court DISMISSES WITHOUT PREJUDICE plaintiff's claims against Dell, Inc., Hewlett-Packard
22 Company, Lenovo Company, and Sony Electronics, Inc., and plaintiff's claims against the first-named
23 defendant, Apple, Inc., remain in this case. Docket Nos. 140, 156.

**IT IS SO ORDERED.**

Dated: September 20, 2011

SUSAN ILLSTON
United States District Judge

5