IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OPTIMUM POWER SOLUTIONS LLC,

    Plaintiff,

    v.

APPLE INC.,

    Defendant.

No. C 11-01509 SI

**ORDER RE: ADMINISTRATIVE MOTION TO SEAL**

    Currently before the Court is a stipulated administrative motion to file documents under seal. In defendant Apple Inc.'s motion for summary judgement, the parties stipulate to seal the entirety of the Declaration of Intel, the Declaration of Donald Alpert, and Exhibit B. The parties submitted no declarations in support of their motion to seal. Instead, the motion states that the Intel Declaration and the Alpert Declaration make "reference to or include[] Intel confidential information" and the Intel Declaration includes documents that "Intel designated 'Outside Counsel Restricted' under the Protective Order in this case," and Exhibit B is a document that "OPS designated 'Outside Counsel Restricted' under the Protective Order in this case."

    "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d

1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips*, 307 F.3d at 1211.

The parties have failed to make a particularized showing that good cause exists for these documents to be filed under seal. Their bald assertions that documents contain confidential information or were designated "Outside Counsel Restricted" are insufficient to overcome the strong presumption in favor of access. As explained in Local Rule 79-5(a), merely stipulating to file the documents under seal is not enough.

Accordingly, the parties shall make the requisite showing that the documents at issue are sealable, **no later than December 13, 2012**. If the parties do not do so, the documents will be made part of the public record.

**IT IS SO ORDERED.**

Dated: December 6, 2012

SUSAN ILLSTON
United States District Judge